Ronald Ryan
Attorney at Law
1413 E. Hedrick Drive
Tucson, Arizona 85719
(520)298-3333 fax: (520)743-1020
ronryanlaw@cox.net
AZ #018140 Pima County #65325

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA TUCSON

| In re:<br><br>MAJDI KATIBA and SHARON KATIBA, Debtors<br><br>MAJDI KATIBA and SHARON KATIBA, Plaintiff<br><br>vs.<br><br>AMERICAN HOME MORTGAGE CORPORATION dba AMERICAN BROKERS CONDUIT<br><br>and<br><br>CITIMORTGAGE, INC., Defendants | Adversary No: 4:10-ap-02134-JMM<br><br>Case No. 09-bk-14633-TUC-JMM<br><br>**DEBTOR'S COMPLAINT TO AVOID DEFENDANT'S SECONDARY LIEN ON REAL ESTATE**<br><br><br><br><br><br>Chapter 13 |
|---|---|

COME NOW, Majdi Katiba and Sharon Katiba, Debtor and Plaintiff, who files this Debtor's Complaint to Avoid Defendant's Secondary Lien on Real Estate, complaining against American Home Mortgage Corporation ("AHMC") dba American Brokers Conduit ("ABC") and Citimortgage, Inc. ("Citmortgage"), Defendants. AHMC dba ABC is reputed to be the secondary lienholder according to the records of the Pima County Recorder. Citmortgage filed the Secondary Lien Proof of Claim. Plaintiff presents unto the Court as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and B.R. 7001, et seq. Pursuant to B.R. 3007(b), an Objection to Claim may be filed as an Adversary Proceeding. Venue is appropriate in this district pursuant to 28 U.S.C. §1408 and 1409. This matter is a core proceeding.

2. According to official published records of the Arizona Corporation Commission ("ACC"), ABC is a Trade Name for AHMC. AHMC is an Arizona Corporation, that is shown to be in the business of "Mortgage Broker" according to the ACC, whose Arizona Statutory Agent is Hunter H Sampsel 14143 N Hohokam Village Pl, Oro Valley, AZ 85755-5781. Citmortgage is a foreign corporation, whose Arizona Statutory Agent is C T Corporation System 2394 E Camelback Rd Phoenix, AZ 85016, according to official records published by the ACC.

3. Plaintiff is the owner of a piece of property, hereinabove and below called, "Debtor's Residence", or the "Property," which Debtors have claimed as their exempt real property homestead, as follows:

> LOT 3, OF COUNTRYSIDE VILLAGE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 59 OF MAPS, PAGE 67, and more commonly known as 4726 WEST LINDENTHAL LANE, TUCSON, AZ 85742.

4. Debtor has had the property professionally appraised. The Appraisal Report provided a value of $150,000.00, the first page of which is attached hereto as Exhibit A. The entire Report is available to any party upon request.

5. The party claiming to own the Primary Note, or claiming to be the Servicer or other party with actual authority from the owner of said note to enforce the Note, is BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. ("BAC"), according to . The amount claimed to be owed on the primary mortgage is $190,423.000, pursuant to the Primary Mortgage Proof of Claim, filed by BAC at Claim 6, in the Court's Claims Registry, on 08/11/09. The Note and Deed of Trust upon which said Primary Lien is claimed to be based by BAC was recorded at docket 12798, page 2340, on May 05, 2006, with the Pima County Recorder, and appears to have been executed 5/6/2006. This is claimed to be the "Primary

Page 2 of 4

Lien." A copy of this BAC Deed of Trust, is attached to the Primary Proof of Claim, and is available to any party upon request.

6. The amount claimed to be owed by Debtors to Citimortgage purportedly secured by the Secondary Deed of Trust is $80,383.37, according to Proof of Claim 14, filed 11/12/09, in the Court's Claims Registry. This purported Secondary Deed of Trust was recorded at docket 12798, page 2358 on May 05, 2006. This lien is called the "Secondary Lien." A copy of the Secondary Deed of Trust is attached to the Citimortgage and is available to any party upon request.

7. The value of Debtor's Residence is less than the amount owed on the Primary Lien. Based on the definition of "allowed secured claim" derived from 11 U.S.C. §506(a) and (d); and pursuant to the modification provisions allowed under 11 U.S.C. §1322(b)(2), Plaintiffs ask for Judgment extinguishing the Secondary Lien on their property. The value of Debtor's Residence after deducting the amount owed on the Primary Lien does not leave any value to provide the Secondary Lien any interest at all in the Property. Therefore, there is nothing upon which a security interest can attach in favor of the Secondary Lien, and it is therefore unsecured.

8. Debtor asks that the Secondary Lien be avoided. Debtor asks that an Order be entered that the Secondary Lien Proof of Claim is unsecured.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S POSITIONS**

Issue: Can a Chapter 13 Debtor extinguish a purported lien on Debtor's Residence and obtain a ruling that the lienholder has no "allowed secured claim" under 11 U.S.C. § 506 (a), despite the antimodification provisions of § 1322(b)(2)?

At least six Circuit Courts have addressed the issue and all have adopted the view that the holder of a purported junior lien on a Debtor's residence is wholly unsecured mortgage on

a debtor's principal residence is not entitled to the protection of § 1322(b)(2), when the value of that residence is less than, or equal to, the amount owed on superior liens. *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F.3d 663, 667-69 (6th Cir. 2002); *Pond v. Farm Specialist Realty* (In re Pond), 252 F.3d 122, 126 (2d Cir. 2001); *Tanner v. FirstPlus Fin., Inc.* (In re Tanner), 217 F.3d 1357, 1359-60 (11th Cir. 2000) *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Ass'n* (In re Bartee), 212 F.3d 277, 2000 WL 621400 (5th Cir. 2000). Other Courts and opinions that are in accord with this majority view include: *In re Lam*, 211 B.R. 36 (B.A.P. 9th Cir. 1997). *Western Interstate Bancorp v. Edwards* (In re Edwards), 245 B.R. 917, 921 (Bankr. S.D. Ga. 2000); *In re McCarron*, 242 B.R. at 483 *Scheuer v. Marine Midland Bank* (In re Scheuer), 213 B.R. 415, 418 (Bankr. N.D.N.Y. 1997); *In re Geyer*, 203 B.R. 726, 729 (Bankr. S.D. Cal. 1996); *In re Lee*, 161 B.R. 271, 273 (Bankr. W.D. Okla. 1993); *In re Hornes*, 160 B.R. 709, 714 (Bankr. D. Conn. 1993).

WHEREFORE, PREMISES considered, Majdi Katiba and Sharon Katiba, Debtor and Plaintiff, prays that this Court enter Judgment avoiding the Secondary Lien on Debtor's Residence, and deeming that the Secondary Lien Proof of Claim is unsecured. Debtors request all other general and specific relief to which they may show themselves entitled under the facts as plead or proven in Court.

        Respectfully submitted,
        /s/ Ronald Ryan
        Ronald Ryan, Attorney for Debtors